■ ERNESTO RIVERA, an Infant, by His Father and Natural Guardian, TOMAS RIVERA, et al., Appellants, v. CITY OF NEW YORK, Respondent.— In a negligence action to recover damages for personal injuries, loss of services and medical expenses, plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered November 2, 1970, which dismissed the complaint after a nonjury trial, upon the issues of liability only, the case having been

submitted to the trial court, by stipulation, on the evidence adduced at a prior trial. Judgment affirmed, without costs (*Roberto* v. *City of New York*, 35 A D 2d 782, mot. for lv. app. den. 27 N Y 2d 489). Munder, Acting P. J., Shapiro, Brennan and Benjamin, JJ., concur; Martuscello, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: In this action to recover for personal injuries sustained by the eight-year-old infant plaintiff, the complaint was dismissed after a nonjury trial upon the evidence adduced at a prior jury trial which had resulted in a disagreement of the jury. The ground of the dismissal was that, as a matter of law, no actionable negligence on the part of defendant, the City of New York, had been established. The majority of this court agrees with that conclusion. I do not and therefore dissent and vote for a new trial. The infant plaintiff was riding his bicycle on a public sidewalk when the front wheel went into a hole, catapulting him over the handle bars. The photographs in evidence show the hole to be large, deep and irregular in shape. We are not here concerned with contributory negligence, the only question arising by reason of the trial court's ruling, in dismissing the complaint, that "a municipality is bound only to keep its sidewalks in a reasonably safe condition for their ordinary use, and that no negligence is chargeable to the city in this type of an accident." In *Intintoli* v. *Pellaton Apts.* (35 A D 2d 993, affd. 30 N Y 2d 548) the Court of Appeals permitted a recovery for the plaintiff against the defendant abutting property owner to stand on a record which showed that a 13-year-old plaintiff had sustained injuries while riding his bicycle on the sidewalk. True it is that that action was against the abutting property owner and not against the City of New York, but I fail to see how that distinguishes the principle involved. The abutting owner there was held liable because he owed a duty to the plaintiff, the bicycle rider. His obligation arose because he had a special use and benefit of the sidewalk, but if he owed no duty to a bicycle rider there would be no responsibility on his part. By a parity of reasoning the city here — standing in the shoes of the abutting property owner in the *Intintoli* case — owed the same obligation to the bicycle rider that the property owner there did. The contention made by the city in its brief that "What was involved in *Intintoli* * * * was not a sidewalk in any ordinary sense" does not stand up under an examination of the record there. The court in its charge in *Intintoli* told the jury that the defendant "had a duty of maintaining the sidewalk from which it derived a special benefit and that duty was to maintain the sidewalk in a reasonably, the walk, in a reasonably safe condition." That was the issue which the jury was called to pass upon. When this court and the Court of Appeals affirmed a recovery based on such a charge I do not see how it can reasonably be contended that *Intintoli* was not a sidewalk case. The dissent in this court shows that this court considered *Intintoli* to be a plain ordinary sidewalk case, for one of the reasons for the dissent was that the obligation of the abutting owner was "limited to the maintenance of the sidewalk in a safe condition for its normal use, by pedestrians and not by bicyclists" (p. 994).