CHANNA S. MUALLEM, Individually and as Natural Guardian of DANIEL E. MUALLEM, an Infant, Appellant-Respondent, v CITY OF NEW YORK, Respondent; HARRY FRANCO, Defendant and Third-Party Plaintiff-Respondent-Appellant. GASEMARO BUONOCORE, Third-Party Defendant-Appellant.

Second Department, August 17, 1981

APPEARANCES OF COUNSEL

*John Anthony Bonina (Charles H. Dobkin* of counsel; *Marlon Wayne Schulman* on the brief), for appellant-respondent.

*Fogarty, Wynne, Martini, Purcell & Byrne (Charlene I. Lund* of counsel), for defendant and third-party plaintiff-respondent-appellant.

J. Robert Morris (Siff & Newman, P.C. [Steven DiJoseph and Audrey Rogers] of counsel), for third-party defendant-appellant.

Fried, Frank, Harris, Shriver & Jacobson (Albert N. Podell and Stuart Blander of counsel), for respondent.

OPINION OF THE COURT

MOLLEN, P. J.

This appeal calls upon the court to re-examine a series of cases in which infant plaintiffs were denied recovery as a matter of law for injuries sustained while riding bicycles on public sidewalks. The essential question presented is whether the holdings of those cases remain valid in light of recent pronouncements by the Court of Appeals concerning fundamental principles of tort law. We turn first to a review of the pertinent facts which, for the purposes of this appeal, are not in serious dispute.

On June 11, 1970, nine-year-old Daniel Muallem was riding his bicycle on the public sidewalk adjacent to the property of defendant Harry Franco. The bicycle struck a raised crack in the sidewalk and Daniel was thrown onto shrubbery growing on Franco's property. As a result, the child sustained serious injury to his eye.

Thereafter, plaintiff Channa Muallem, acting individually and as Daniel's natural guardian, commenced this action against both the City of New York and Franco. Franco, in turn, commenced a third-party action against his gardener, Gasemaro Buonocore, for negligence in maintaining the shrubbery. Franco and the city cross-claimed against each other; Buonocore cross-claimed against the city.

Franco and the city subsequently moved for summary judgment dismissing the complaint and all cross claims against them. Buonocore asked that the third-party complaint likewise be dismissed. Special Term denied the applications of the individual defendants, finding issues of fact which required a trial. However, the court granted summary judgment to the city on constraint of several cases decided by this court which denied recovery to infant bicyclists in sidewalk accidents. Although the court observed

that the law of negligence in this State had recently undergone significant change, it nevertheless expressed the belief that it would be inappropriate for a court sitting at Special Term to depart from the doctrine of *stare decisis* on the question of whether the city owes a duty of care to infant bicyclists.

Plaintiffs now appeal from so much of Special Term's subsequent order as granted the city's application for summary judgment. Franco appeals from the order in its entirety. Buonocore appeals from so much of the order as dismissed his cross claim against the city and as denied his motion to dismiss the third-party complaint.

We hold that, in view of recent developments in the decisional law of this State and the repeal of section 1907 of the former Penal Law, the cases which Special Term found to be controlling and upon which the city continues to rely, no longer present a bar to plaintiffs' recovery as against the city. Accordingly, we modify the order appealed from by denying the city's motion in its entirety. In all other respects, we affirm.

The earliest of the cases relied on by Special Term was *Hart v Town of Brookhaven* (261 App Div 923). There, the adult plaintiff was injured when a bicycle she was riding collided with a limb of a tree which was lying across the sidewalk. We reversed a judgment in her favor and dismissed her complaint, holding that "[i]n riding the bicycle on the sidewalk plaintiff * * * was violating * * * [section 1907 of the former Penal Law] and was guilty of contributory negligence as a matter of law." Later, in *Roberto v City of New York* (35 AD2d 782) we affirmed without opinion the dismissal of an infant bicyclist's complaint against the city. Thereafter, in *Rivera v City of New York* (39 AD2d 606, affd 32 NY2d 726), we again affirmed the dismissal of an infant bicyclist's complaint against the city. And, finally, in *Olsen v City of New York* (49 AD2d 884, 885), we reached the same result, holding that the city "owes no duty to maintain its sidewalks and walkways in a condition reasonably safe for infant bicyclists".

With the exception of *Olsen (supra)*, the foregoing cases may be readily distinguished. They each apparently turned upon the plaintiff's contributory negligence which was held

to have been established as a matter of law solely because riding a bicycle on a public sidewalk constituted a direct violation of section 1907 of the former Penal Law. That statute, however, was repealed some three years prior to the incident at bar, and therefore the cases are of limited precedential value. *Olsen* itself may not be distinguished on the same ground, however, since it was decided after the repeal of section 1907. Nevertheless, we decline to follow *Olsen* because we conclude that its holding must yield to more recent views of negligence law as expressed by our Court of Appeals.

██ In *Basso v Miller* (40 NY2d 233), the court abandoned the common-law rule by which the liability of a landowner to one injured upon his property was governed by antiquated distinctions between trespassers, licensees and invitees. Instead, the court held, liability is now to be measured by the "standard of reasonable care under the circumstances whereby foreseeability shall be a measure of liability." *(Basso v Miller, supra,* p 241; see, also, *Scurti v City of New York,* 40 NY2d 433; *Barker v Parnossa, Inc.,* 39 NY2d 926.) Plaintiffs would have us hold that this single-standard approach should be applied in the case at bar. The city, on the other hand, maintains that *Basso* is inapposite because it speaks only of the standard of care to which a landowner may be held once it is established that a duty exists. Thus, the city argues, since the line of cases cited by Special Term demonstrates that a municipality owes no duty to those who ride bicycles on public sidewalks, *Basso's* standard of care analysis is irrelevant to the issues at bar. It is here that the city's position is fatally flawed, for it confuses fundamental concepts of negligence law.

It is certainly true, as the city suggests, that the threshold question in a negligence case is whether the defendant owed the plaintiff a duty. As the Court of Appeals said in *Pulka v Edelman* (40 NY2d 781, 782): "It is well established that before a defendant may be held liable for negligence it must be shown that the defendant owes a duty to the plaintiff * * * In the absence of duty, there is no breach and without a breach there is no liability * * * This requirement is expressed in the often-quoted remark: 'Negligence in the air, so to speak, will not do'."

The concept of duty may be said to refer to "the relation between individuals which imposes upon one a legal obligation for the benefit of the other" or, put differently, it concerns the question of "whether the plaintiff's interests are entitled to legal protection against the defendant's conduct." (Prosser, Torts [4th ed], § 53, p 325; see, also, *Pulka v Edelman, supra,* p 782.) Once the existence of a duty has been established, the inquiry turns to the separate question of the scope of that duty or the standard of care to which a defendant will be held in order to satisfy the duty he owes to the plaintiff. (See Prosser, Torts [4th ed], § 53, p 324.) It is here that the concept of foreseeability comes into play for, as the court said in *Palsgraf v Long Is. R. R. Co.* (248 NY 339, 344), "[t]he risk reasonably to be perceived defines the duty to be obeyed". These principles, then, must govern the case at bar.

Plainly, any suggestion that the city owned no duty whatever to Daniel Muallem must be rejected out of hand. As a landowner, the city has long been under a duty even to children who trespass upon its land. (See, e.g., *Beauchamp v New York City Housing Auth.,* 12 NY2d 400.) Although, prior to *Basso (supra),* that duty would be satisfied so long as the city refrained from inflicting willful, wanton or intentional injuries *(Carbone v Mackchil Realty Corp.,* 296 NY 154, 158-159), the fact remains that a duty did exist. Surely, if the city owes a duty to a trespasser, it cannot disclaim all duty to a nine year old lawfully riding his bicycle on the sidewalk near his home. And, in our view, the cases relied upon by Special Term are not to the contrary. As noted, those decided prior to *Olsen* (49 AD2d 884, *supra)* turned exclusively on the question of contributory negligence, and we read *Olsen* itself as having dealt not with the question of whether a duty was owed but with the standard of care required to satisfy that duty. Hence, *Olsen* stands only for the proposition that the standard of care required of the city did not rise to the level of maintaining its sidewalks in a condition reasonably safe for infant bicyclists. The question here is whether that ought to be true today.

■ The city apparently concedes on this appeal that it owes a duty of reasonable care to such ordinary and fore-

seeable users as those who walk *(Loughran v City of New York,* 298 NY 320), skip, jump, hop *(Cygielman v City of New York,* 93 Misc 2d 232, 233), pedal a tricycle (see *McKeever v New York Tel. Co.,* 254 App Div 872, affd 279 NY 651) and roller skate *(Errante v City of New York,* 74 AD2d 122) upon a public sidewalk. We see no valid reason to distinguish between such users and an infant riding his bicycle on the sidewalk near his home. Nor are we persuaded that the distinction should be maintained solely on the strength of prior case law. As the Court of Appeals has observed: "Tort cases, but especially personal injury cases, offer another example where courts will, if necessary, more readily re-examine established precedent to achieve the ends of justice in a more modern context". *(People v Hobson,* 39 NY2d 479, 489.) This is especially so where the result required by precedent is "found to be analytically unacceptable, and, more important, out of step with the times and the reasonable expectations of members of society" *(People v Hobson, supra,* p 489). Moreover, the broad principles announced in *Basso* simply will not permit the continuation of outmoded and rigid distinctions between foreseeable users of public sidewalks—distinctions which no longer have any vitality or rational basis. Accordingly, we hold that cases like the one at bar must be determined by "adherence to the single standard of reasonable care under the circumstances whereby foreseeability shall be a measure of liability [with] * * * [c]ontributory and, now, comparative negligence, as well as assumption of the risk * * * to be invoked when appropriate." *(Basso v Miller,* 40 NY2d 233, 241, *supra.)* Thus, the city owes a duty to maintain its sidewalks in a condition reasonably safe for all foreseeable users. Since, on the record before us, we are unable to find as a matter of law (1) that it was unforeseeable that nine-year-old Daniel Muallem would ride his bicycle on a public sidewalk and be injured as a result of the defect alleged, or (2) that he was contributorily negligent or assumed the risk of injury, we deny the city's motion for summary judgment and remand for a trial at which these issues may be resolved as questions of fact.

We have considered the remaining arguments advanced by the parties herein and find them to be without merit.

COHALAN, MARGETT and O'CONNOR, JJ., concur.

Order of the Supreme Court, Kings County, dated June 4, 1980, modified, on the law, by deleting the provisions which granted the motion of the City of New York for summary judgment and substituting a provision denying the motion. As so modified, order affirmed, without costs or disbursements, and case remitted to the Supreme Court, Kings County, for trial in accordance with the opinion herein.