BONIFACIO SANCHEZ, Respondent, v HAROLD H. LIPPINCOTT, Defendant, and TOWN OF CLARENDON, Appellant. (Action No. 1.)

TOMASA SANCHEZ, Respondent, v HAROLD H. LIPPINCOTT, Defendant, and TOWN OF CLARENDON, Appellant. (Action No. 2.)

Fourth Department, November 9, 1982

### APPEARANCES OF COUNSEL

*Harter, Secrest & Emery (Bruce E. Hansen* of counsel; *A. Paul Britton, Jr.,* on the brief), for appellant.

*Harris, Maloney, Horwitz, Evans & Fox (Wayne M. Harris* of counsel), for respondents.

### OPINION OF THE COURT

CALLAHAN, J.

We are concerned here with the propriety of a Special Term order denying summary judgment in a negligence action.

This case arises from a rural intersection collision. Plaintiff, traveling west on Power Line Road in the Town of Clarendon (Town), collided with an automobile operated by defendant Lippincott who had been northbound on Lake

Road. There were no traffic control devices or signs regulating the flow of traffic on Power Line Road whereas there was a stop sign for Lake Road vehicles. Plaintiffs' complaint alleged that the Town was negligent in maintaining the stop sign for traffic traveling north on Lake Road at an improper height and that visibility and the sign at the intersection were obscured by foliage and other growths. Lippincott in prior testimony acknowledged his familiarity with the intersection, the stop sign and the requirement to stop. At a Town Court proceeding he testified that he did stop. However, he was found guilty in the Town Court of failing to stop at the stop sign.

Plaintiff contends that the stop sign was not maintained at the required height and was obscured by foliage; and further, that the Town was negligent in its failure to provide the vehicular public with an unobscured view of vehicles proceeding in a westerly direction on the Power Line Road and that such failure to act hindered the ability of drivers to observe vehicles approaching the intersection, thereby violating the intent of subdivisions 2 and 7 of section 140 of the New York State Highway Law, section 322 of the Highway Law, and sections 1680 and 1682 of the Vehicle and Traffic Law. The Town moved for summary judgment dismissing the complaint against it on the grounds that Lippincott's familiarity with the intersection, knowledge of the sign and the requirement to stop, precluded the possibility that the condition of the sign or visibility was a proximate cause of the accident. In this appeal the Town challenges the court's ruling "that an issue of fact exists, as to whether or not the Town of Clarendon assumed a duty to which liability may attach by its voluntary trimming of vegetation for the purpose of insuring visibility at the intersection of Lake Road at the point where this accident occurred."

A governmental body is under a nondelegable duty to maintain its roads and highways in a reasonably safe condition and liability will flow for injuries resulting from a breach of that duty (*Lopes v Rostad,* 45 NY2d 617, 623). Although not an insurer of the safety of persons using its highways, the Town is charged with the duty of warning, guiding and regulating traffic, as it deems necessary, by

placing and maintaining traffic control devices conforming to the State manual on specifications (Vehicle and Traffic Law, § 1682; *Woodcock v County of Niagara,* 52 AD2d 1087). The liability of a municipality begins and ends with the fulfillment of its duty to construct and maintain its highways in a reasonably safe condition taking into account such factors as the traffic conditions apprehended and the terrain (*Tomassi v Town of Union,* 46 NY2d 91, 97).

When a condition develops which becomes hazardous to motorists, the Town must either correct the condition or warn motorists of its existence (*Shinder v State of New York,* 84 AD2d 252). The duty to maintain highways in a reasonably safe condition extends not only to the road surface and shoulders but also applies to other conditions which could reasonably be expected to result in injury and damages to the public (*Rinaldi v State of New York,* 49 AD2d 361). This encompasses an obligation to prevent a dangerous condition from developing at intersections, by trimming growth within its right-of-way to assure visibility of stop signs and other traffic. Once the existence of a duty has been established, the inquiry turns then to the question of the scope of that duty or the standard of care to which a defendant will be held in order to satisfy the duty owed (*Muallem v City of New York,* 82 AD2d 420, 424). The crux of this inquiry is the concept of foreseeability, for "[t]he risk reasonably to be perceived defines the duty to be obeyed". (*Palsgraf v Long Is. R. R. Co.,* 248 NY 339, 344).

The Town's duty does not arise from a prior act or any previous trimming of vegetation but rather stems from the common law and its statutory obligation to maintain its highways for the safety of the vehicular public (*Lopes v Rostad, supra,* p 623). The record indicates an awareness by Town officials of a potential condition due to an overgrowth of vegetation tending to obscure visibility at the intersection which could become a danger to the traveling public. When such a danger is foreseeable, the Town's general duty to maintain its roads includes the obligation to trim vegetation at intersections in order to provide adequate visibility. A stop sign obscured by limb, tree, brush or other growth can reasonably be ascertained to

create a hazard which will in due time be a proximate cause of a collision.

In view of the Town's continuing obligation and viewing the evidence as we must in a light most favorable to the plaintiff, a question of fact exists as to whether the Town fulfilled its duty and whether a breach of that duty was a proximate cause of the accident and plaintiffs' injuries (*Atkinson v County of Oneida,* 77 AD2d 257).

Since there are triable issues of fact, we affirm Special Term's denial of summary judgment; however, our affirmance is based upon the reasons enumerated herein, and, not those specified by Special Term. Accordingly, the order should be affirmed.

DILLON, P. J., SIMONS, BOOMER and SCHNEPP, JJ., concur.

Order unanimously affirmed, with costs, for reasons stated in opinion by CALLAHAN, J.