■ MARK A. HAGGERTY, Appellant, v MARIA DIAMOND et al., Defendants, and CITY OF NEW YORK, Respondent. [673 NYS2d 331] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernstein, J.), dated March 10, 1997, which granted the motion of the defendant City of New York pursuant to CPLR 4404, to set aside so much of the jury's verdict as found the City of New York to be 60% at fault for the happening of the accident which caused the plaintiff's injuries.

Ordered that the order is affirmed, with costs.

The plaintiff asserts that the City of New York (hereinafter the City) is liable to him for his injuries as a result of the nonfeasance and malfeasance of, among others, police officers.

It is well settled that a municipality bears no liability for the negligent performance by its agents of governmental functions, absent the existence of a special relationship between the injured party and the municipality (*see, Balsam v Delma Eng'g Corp.,* 90 NY2d 966; *see also, Kircher v City of Jamestown,* 74 NY2d 251; *Cuffy v City of New York,* 69 NY2d 255). The plaintiff correctly notes that the special relationship rule is "limited to cases involving nonfeasance, where the municipality is alleged to have failed to take action in breach of some general duty imposed by law or voluntarily assumed for the benefit of the public as a whole" (*Rodriguez v City of New York,* 189 AD2d 166, 172; *see also, Levy v State of New York,* NYLJ, Feb. 20, 1998, at 27, col 3; *LaLonde v Hurteau,* 239 AD2d 858).

Contrary to the plaintiff's contention, the acts and/or omissions of which he complains are in the nature of nonfeasance, not malfeasance. Moreover, under the facts of this case, the plaintiff has failed to establish that a special relationship existed between himself and the police such that liability may be imposed on the City under the special relationship rule.

Accordingly, as there was no predicate for liability against the City, the Supreme Court properly set aside so much of the jury's verdict as found the City 60% at fault in the happening of the accident. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.