■ REBECCA FONVILLE, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent, et al., Defendant. [754 NYS2d 295] —In an action to recover damages for medical malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Levine, J.), dated November 2, 2001, as, in effect, upon reargument, adhered to so much of a prior determination in an order of the same court, dated June 12, 2001, as granted that branch of the motion of the defendant New York City Health and Hospitals Corporation which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as it alleged that that defendant improperly treated the decedent.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, upon reargument, that branch of the motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as it alleged that the defendant New York City Health and Hospitals Corporation improperly treated the decedent is denied, that claim is reinstated, and the provisions of the order dated June 12, 2001, granting that branch of the motion of the defendant New York City Health and Hospitals Corporation which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as it alleged that defen-

dant improperly treated the decedent and severing that claim are vacated.

After the plaintiff's decedent became ill at work, emergency medical services (hereinafter EMS) of the defendant New York City Health and Hospitals Corporation (hereinafter HHC) were called. EMS workers arrived at the scene, began treating the decedent, and subsequently transported her to the defendant Brooklyn Hospital Center where she received medical and surgical care, and subsequently died later that day.

The plaintiff commenced this action making essentially two allegations against HHC, first that EMS failed to timely respond to the scene, and second that the EMS workers rendered improper treatment. It is well recognized that a municipality is immune from negligence claims arising out of the performance of its governmental functions unless the injured person establishes a special relationship with the municipality which would create a special duty of protection with respect to that individual (*see Kircher v City of Jamestown,* 74 NY2d 251, 255-256; *Bonner v City of New York,* 73 NY2d 930, 932; *Cuffy v City of New York,* 69 NY2d 255, 260). No such showing has been made here. However, as HHC correctly concedes, even when no original duty is owed to an individual to undertake affirmative action, once it is voluntarily undertaken, it must be performed with due care (*see Parvi v City of Kingston,* 41 NY2d 553, 559; *Persaud v City of New York,* 267 AD2d 220). Here, assuming EMS workers undertook the affirmative action to treat the decedent, they were required to do so with due care. Accordingly, to the extent that the complaint alleges that EMS workers improperly treated the decedent, the complaint should be reinstated. To the extent it charged EMS workers with nonfeasance the complaint was properly dismissed, as the plaintiff correctly concedes. Florio, J.P., O'Brien, Friedmann, Adams and Crane, JJ., concur.