ANNETTE GORDON et al., Appellants, v COUNTY OF ONTARIO, Respondent. [783 NYS2d 170]—

Appeal from an order of the Supreme Court, Ontario County (Craig J. Doran, A.J.), entered July 23, 2003. The order granted defendant's motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiffs commenced this action against defendant, County of Ontario, to recover damages for injuries sustained by Annette Gordon (plaintiff) in a one-vehicle accident on County Road 6. Plaintiff became distracted by a bee inside her vehicle as she was driving, and her vehicle left the roadway to the right. When she tried to return to the roadway, she was confronted with a drop-off between the paved and unpaved portions of the shoulder of the road and she overcorrected such that her vehicle rolled over and she was ejected from it. Defendant moved for summary judgment dismissing

the complaint, arguing, inter alia, that plaintiffs had failed to produce evidence of negligence or proximate cause.

Assuming, arguendo, that defendant met its initial burden of establishing its entitlement to summary judgment (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]), we conclude that Supreme Court erred in concluding that plaintiffs failed to raise material issues of fact in opposition to defendant's motion. Plaintiffs submitted proof that the size of the drop-off was greater than that stated by defendant and submitted an affidavit from their expert, who opined that the drop-off was "excessive" and that the highway, as constructed, was not in conformance with defendant's road improvement plans and was unsafe. He also opined that a two-inch differential between the hard surface of the roadway and the "soft, excessively sloped gravel shoulder" was such a hazard that coming back onto the roadway at a speed of approximately 55 miles per hour would have caused plaintiff to lose control of her vehicle. In our view, plaintiffs submitted proof "from which a jury could find that [defendant] did not exercise reasonable care in the maintenance of the shoulder area" (*Pontello v County of Onondaga*, 94 AD2d 427, 431 [1983], *lv dismissed* 60 NY2d 560, 1015 [1983]; *see Green v County of Allegany*, 300 AD2d 1077, 1078 [2002]). Thus, proximate cause should be determined at trial, not as a matter of law (*see Stiuso v City of New York,* 87 NY2d 889, 891 [1995]; *see generally Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980], *rearg denied* 52 NY2d 784 [1980]). Present—Pigott, Jr., P.J., Pine, Scudder, Gorski and Lawton, JJ.