■ MICHAEL KOWAL, Appellant, v DEER PARK FIRE DISTRICT, Sued Herein as DEER PARK FIRE DISTRICT BOARD OF FIRE COMMISSIONERS, et al., Respondents, et al., Defendants. [787 NYS2d 352]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Dunn, J.), dated December 9, 2003, which granted the motion of the defendants Deer Park Fire District, sued herein as Deer Park Fire District Board of Fire Commissioners, Deer Park Fire Department, sued herein as Deer Park Fire District Emergency Medical Services, Raymond J. Stubbings, sued herein as Raymond Stubbins, William Schaefer, sued herein as William Schafer, Kim Hunter, and Philip Scarfi for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the respondents.

The defendant Deer Park Fire Department, sued herein as Deer Park Fire District Emergency Medical Services, which is owned and operated by the defendant Deer Park Fire District, sued herein as Deer Park Fire District Board of Fire Commissioners, and an ambulance crew consisting of Raymond Stubbings, sued herein as Raymond Stubbins, William Schaefer, sued herein as William Schafer, Kim Hunter, and Philip Scarfi (hereinafter collectively the Deer Park Fire District defendants) transported the plaintiff's decedent to the codefendant Good Samaritan Hospital and provided medical treatment to her. En route to the hospital, the decedent lost consciousness, and one of the crew members inserted an endotracheal tube in an attempt to intubate her. Upon reaching the hospital several minutes later, the hospital staff found that the tube was improperly located in her esophagus.

The decedent died several days later, and the plaintiff commenced this action, inter alia, to recover damages for wrongful death alleging that her death was due to the defendants' conduct. The Supreme Court granted the motion of the Deer Park Fire District defendants for summary judgment dismissing the complaint insofar as asserted against them finding that there was no "special relationship" between the plaintiff's decedent and the defendants and that the defendants' conduct did not rise to the level of gross negligence. We reverse.

The doctrine of "special relationship" is applicable when a municipality is charged with nonfeasance (*see Cuffy v City of New York,* 69 NY2d 255, 260 [1987]) or misfeasance with respect to a governmental function (*see Lauer v City of New York,* 95 NY2d 95 [2000]). At issue here is misfeasance with respect to medical treatment which is not a governmental function.

"[A]ffirmative action, once it is voluntarily undertaken . . . must be performed with due care" (*Fonville v New York City Health & Hosps. Corp.,* 300 AD2d 623, 624 [2002]; *see Parvi v City of Kingston,* 41 NY2d 553, 559 [1977]). Since the Deer Park Fire District defendants undertook the duty to treat the decedent, the question of whether there was a special relationship between the plaintiff's decedent and them is not applicable here (*see Haggerty v Diamond,* 251 AD2d 455 [1998]).

The Deer Park Fire District defendants, in view of their status as a voluntary ambulance service, would not be liable unless it is established that the plaintiff's decedent's injury and death were caused by their gross negligence (*see* Public Health Law § 3013 [1]). In support of their motion for summary judgment, they submitted deposition testimony that they followed the proper protocol, and argued that the plaintiff could not prove that they committed acts constituting gross negligence as was required in order to prevail.

The plaintiff, in opposition, submitted affidavits from two doctors who stated that to a reasonable degree of medical certainty, the death of the plaintiff's decedent "was caused by severe and extensive cerebral anoxia caused by . . . incorrect intubation," the incorrect intubation of the decedent constituted medical malpractice, and the failure to recognize that she had been improperly intubated constituted "a gross departure from good and accepted practice of what is a common place medical technique." Assuming that the deposition testimony of the Deer Park Fire District defendants established prima facie that they were not grossly negligent, the sworn opinion of the plaintiff's experts established that there are issues of fact which precluded the granting of summary judgment (*see Matter of Lampidis v Mills,* 305 AD2d 876 [2003]; *Matter of Weisenthal v New York State Bd. of Regents,* 249 AD2d 712 [1998]). H. Miller, J.P., Goldstein, Crane and Skelos, JJ., concur.