■ BRIAN L. BEAUMONT, Appellant-Respondent, v MICHAEL P. SMYTH et al., Respondents-Appellants, et al., Defendant. [790 NYS2d 801]—

Appeals and cross appeal from an order of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered April 1, 2004 in a personal injury action. The order, among other things, denied those parts of plaintiff's motion for partial summary judgment on liability against defendants Michael P. Smyth and Federal Express Corporation and for summary judgment dismissing the affirmative defense of comparative fault of defendants Michael P. Smyth and Federal Express Corporation and granted in part the cross motion of defendant Town of Van Buren for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of the motion with respect to the first affirmative defense of defendants Michael P. Smyth and Federal Express Corporation and dismissing that affirmative defense and as modified the order is affirmed with costs to plaintiff.

Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when his motorcycle was broadsided by a delivery van driven by defendant Michael P. Smyth and owned by Smyth's employer, defendant Federal Express Corporation (collectively, FedEx defendants). The collision occurred at the intersection of State Route 31 and a highway owned by defendant Town of Van Buren (Town). According to Smyth, while proceeding on the Town highway, he drove past a stop ahead sign that he failed to see because it was obscured both by foliage and bridge abutment markers, and he then failed to stop at a foliage-obscured stop sign controlling traffic at the intersection. We conclude that Supreme Court properly denied that part of plaintiff's motion seeking partial summary judgment on liability with respect to the FedEx defendants. There are triable issues of fact concerning whether Smyth was negligent in failing to see and obey the signs and, if so, whether his negligence was a proximate cause of the accident and plaintiff's injuries (*see Sanchez v Lippincott*, 89 AD2d 372, 375 [1982]; *see generally* Vehicle and Traffic Law § 1110 [b]).

We conclude that the court erred, however, in denying that part of plaintiff's motion seeking summary judgment dismissing the first affirmative defense alleging plaintiff's comparative fault, and we modify the order accordingly. Plaintiff established as a matter of law that there was no action that he could have taken to avoid the accident and that he was not otherwise negligent in his operation of his motorcycle, and the FedEx defendants failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In any event, as the motorist traveling on the through highway and thus possessing the right of way, plaintiff was entitled to anticipate that other drivers would obey any traffic control devices and properly yield the right of way to him (*see Hillman v Eick*, 8 AD3d 989, 991 [2004]; *Doxtader v Janczuk*, 294 AD2d 859, 859-860 [2002], *lv denied* 99 NY2d 505 [2003]; *Barile v Carroll*, 280 AD2d 988 [2001]).

We conclude that the court properly granted that part of the cross motion of the Town seeking summary judgment dismissing the amended complaint against it. We note that plaintiff did

not oppose that part of the cross motion and, indeed, informed the court that he had agreed to stipulate to a discontinuance of his action against the Town. We further conclude that the court properly granted that part of the cross motion of the Town seeking summary judgment dismissing the cross claim of the FedEx defendants against the Town insofar as it is alleged therein that the Town negligently allowed the stop sign to be obscured by foliage. The duty of the Town to maintain its highways in a reasonably safe condition extends only to the areas of the highway that it owns or controls (*see Ledet v Battle*, 231 AD2d 884 [1996]; *Nurek v Town of Vestal*, 115 AD2d 116, 116-117 [1985]), and here the State of New York, not the Town, had the duty to provide signs and to remove foliage obstructing those signs at the intersection of the municipal highway and state highway at issue (*see Hamilton v State of New York*, 277 AD2d 982, 983-984 [2000], *lv denied* 96 NY2d 704 [2001]; *Monica v County of Jefferson*, 262 AD2d 947, 948 [1999], *lv denied* 94 NY2d 753 [1999]; *Cain v Pappalardo*, 225 AD2d 1005, 1006-1007 [1996]; *see also* Vehicle and Traffic Law § 1621 [a] [1]; § 1681 [a]).

Finally, we conclude that the court properly denied that part of the cross motion of the Town seeking summary judgment dismissing the cross claim of the FedEx defendants against it insofar as it is alleged therein that the Town negligently allowed the stop ahead sign to be obstructed by the bridge abutment markers erected by the Town (*see generally Sanchez*, 89 AD2d at 374). Additionally, the cross claim against the Town is viable insofar as it is alleged therein that the Town negligently allowed a driver's attention to be diverted from the stop ahead sign by its placement of those bridge abutment markers and negligently failed to notify the State concerning the installation of the bridge abutment markers. There are triable issues of fact with regard to whether the Town thereby breached its duty to maintain its highway in a condition reasonably safe for motorists (*see generally Friedman v State of New York*, 67 NY2d 271, 283 [1986]; *Tomassi v Town of Union*, 46 NY2d 91, 97 [1978]; *Lopes v Rostad*, 45 NY2d 617, 623 [1978]) and, if so, whether such negligence was a proximate cause of the accident and plaintiff's injuries (*see Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664, 673-675 [1999], *rearg denied* 93 NY2d 1042 [1999]; *Purves v County of Erie*, 12 AD3d 1112 [2004]). Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ. [*See* 1 Misc 3d 912 (A), 2004 NY Slip Op 50040(U) (2004).]