■ LINDA I. SWEET, as Parent and Natural Guardian of PAUL A. BEAN, an Infant, Respondent, v TOWN OF WIRT, Appellant, and JERRY JUDD, Respondent. [803 NYS2d 867]—

Appeal from an order of the Supreme Court, Allegany County

(James E. Euken, A.J.), entered August 19, 2004 in a personal injury action. The order denied the motion of defendant Town of Wirt for summary judgment dismissing the complaint and cross claim against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action as parent and natural guardian of her son seeking damages for injuries he sustained in a single-vehicle accident that occurred on a highway owned by the Town of Wirt (defendant). Supreme Court properly denied the motion of defendant for summary judgment dismissing the complaint and cross claim against it. A municipality has an absolute and nondelegable duty to maintain its roads, including any shoulder provided, in a condition reasonably safe for the traveling public and to guard against contemplated and foreseeable risks to motorists (*see Stiuso v City of New York*, 87 NY2d 889, 890-891 [1995]; *Friedman v State of New York*, 67 NY2d 271, 283 [1986]; *Bottalico v State of New York*, 59 NY2d 302, 304-305 [1983]; *Tomassi v Town of Union*, 46 NY2d 91, 97 [1978]; *Lopes v Rostad*, 45 NY2d 617, 623 [1978]). Contrary to defendant's contention, there is a triable issue of fact concerning whether the condition of the highway was "the product of adequate study and a reasonable planning decision on the part of defendant" (*Drake v County of Herkimer*, 15 AD3d 834, 835 [2005]; *see Forsythe-Kane v Town of Yorktown*, 249 AD2d 505, 506 [1998]; *Appelbaum v County of Sullivan*, 222 AD2d 987, 988-989 [1995]).

Moreover, even assuming, arguendo, that defendant sustained its initial burden on the motion of establishing its lack of negligence and the lack of any causal connection between such alleged negligence and the injuries sustained by plaintiff's son, we nonetheless conclude that plaintiff raised triable issues of fact sufficient to defeat the motion. Specifically, plaintiff raised issues of fact with respect to whether defendant breached its duty to maintain its highway and shoulder in a condition reasonably safe for motorists (*see Beaumont v Smyth*, 16 AD3d 1106, 1108 [2005]; *Purves v County of Erie*, 12 AD3d 1112 [2004]; *Gordon v County of Ontario*, 11 AD3d 891, 892 [2004]) and, if so, whether such negligence was a proximate cause of the accident and the injuries (*see Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664, 674-675 [1999]; *Beaumont*, 16 AD3d at 1108; *Purves*, 12 AD3d 1112 [2004]). We note in particular that there are triable issues of fact concerning whether the injuries were caused or contributed to by defendant's alleged negligence in allowing loose gravel to accumulate in the travel lanes and on the

shoulder of the road, in failing to maintain an adequate shoulder, and in failing to erect warning signs and guardrails. Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.