■ RICHARD JOLINE et al., Respondents-Appellants, v CITY OF NEW YORK et al., Appellants, and LAERDAL MEDICAL CORPORATION, Respondent. [820 NYS2d 635]—

In an action, inter alia, to recover damages for personal injuries and wrongful death, (1) the defendants City of New York, New York City Fire Department, and New York City Health and Hospitals Corporation appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), dated April 26, 2004, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, (2) the plaintiffs appeal from so much of the same order as granted that branch of the separate motion of the defendant Laerdal Medical Corporation which was for summary judgment dismissing the complaint insofar as asserted against it, and (3) the plaintiffs appeal from so much of a judg-

ment of the same court dated June 1, 2004, as, upon so much of the order granting that branch of the motion of the defendant Laerdal Medical Corporation which was for summary judgment dismissing the complaint insofar as asserted against that defendant, is in favor of that defendant and against them dismissing the complaint insofar as asserted against that defendant.

Ordered that the plaintiffs' appeal from the order is dismissed; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendants City of New York, New York City Fire Department, and New York City Health and Hospitals Corporation; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs payable by the defendants City of New York, New York City Fire Department, and New York City Health and Hospitals Corporation, and one bill of costs is awarded to the defendant Laerdal Medical Corporation payable by the plaintiffs.

The plaintiffs' appeal from so much of the order as granted that branch of the motion of the defendant Laerdal Medical Corporation (hereinafter Laerdal) which was for summary judgment dismissing the complaint insofar as asserted against it must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment dismissing the complaint insofar as asserted against Laerdal (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs' decedent, while driving with her mother, fainted inside her vehicle. Emergency Medical Services (hereinafter the EMS) responded after being flagged down by another motorist who, at the mother's request, had called the 911 emergency telephone number. The EMS workers began treating the plaintiffs' decedent and attempted to resuscitate her using a defibrillator manufactured by Laerdal. The defibrillator failed to provide a shock. The EMS workers transported the decedent to the hospital. The decedent never regained consciousness and died eight months later.

The plaintiffs commenced this action against the City of New York, the New York City Fire Department, and the New York City Health and Hospitals Corporation (hereinafter collectively the City) and Laerdal, inter alia, to recover damages for personal injuries and wrongful death. The City moved, and Laerdal

separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the City's motion and granted Laerdal's motion.

"[A] municipality is immune from negligence claims arising out of the performance of its governmental functions unless the injured person establishes a special relationship with the municipality which would create a special duty of protection with respect to that individual" (*Fonville v New York City Health & Hosps. Corp.*, 300 AD2d 623, 624 [2002]; *see Kircher v City of Jamestown*, 74 NY2d 251, 255-256 [1989]; *Bonner v City of New York*, 73 NY2d 930, 932 [1989]; *Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *Laratro v City of New York*, 25 AD3d 184, 188 [2005]). Here, the City failed to make a prima facie case for judgment as a matter of law establishing that a special relationship did not exist (*see Fonville v New York City Health & Hosps. Corp., supra* at 624). Thus, since the City failed to establish its prima facie entitlement to judgment as a matter of law, it was unnecessary to examine the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

However, Laerdal established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by presenting evidence that the defibrillator was not defectively designed but failed to function as a result of the City's use of expired batteries, which were incapable of holding a charge sufficient to deliver a shock (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

Accordingly, the Supreme Court properly denied the City's motion and properly granted that branch of Laerdal's separate motion which was for summary judgment dismissing the complaint insofar as asserted against it. Florio, J.P., Luciano, Skelos and Lifson, JJ., concur. [*See* 2 Misc 3d 1006(A), 2004 NY Slip Op 50164(U) (2004).]