OPINION OF THE COURT
Phyllis Orlikoff Flug, J.
Defendants, the City of New York, the New York City Sanitation Department, and the New York City Fire Department, collectively move to dismiss plaintiffs’ complaint.
This is an action to recover damages for the alleged wrongful death of Gail Radvin on December 27, 2010 which plaintiffs attribute to the delay in the arrival of an ambulance due to defendants’ alleged negligence in snow removal during and after the snowstorm which occurred on that date.
The criterion in considering a motion to dismiss under CPLR 3211 (a) (7) “is whether the proponent of the pleading has a cause of action, not whether he has stated one” (Allen v City of New York, 49 AD3d 1126, 1127 [3d Dept 2008], citing Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see Griffin v Anslow, 17 AD3d 889, 891 [3d Dept 2005]). Affidavits and other evidentiary material may be considered to “establish conclusively that [the] plaintiff has no cause of action” (Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976]; see Wilhelmina Models, Inc. v Fleisher, 19 AD3d 267, 268-269 [1st Dept 2005]).
It is well settled that a municipality has a duty to keep its streets in a reasonably safe condition for travel and that this *823 duty includes inter alia the removal of dangerous accumulations of snow and ice on the roadways (see Williams v City of New York, 214 NY 259 [1915]; see also Mazzella v City of New York, 72 AD3d 755, 756 [2d Dept 2010]; Gonzalez v City of New York, 148 AD2d 668, 670 [2d Dept 1989]). Contrary to defendants’ contentions, this duty is proprietary in nature and, as such, governmental immunity does not apply (see McGowan v State of New York, 41 AD3d 670, 671 [2d Dept 2007]).
However, this duty is specifically owed to the traveling public making use of roadways and should not be extended to cover those for whom the duty was not conceived (see Lopes v Rostad, 45 NY2d 617, 624-625 [1978]; see also Sweet v Town of Wirt, 23 AD3d 1097, 1098 [4th Dept 2005]). As plaintiffs’ claims do not stem from their direct use of the road, defendants did not owe any duty to them and they cannot state a cause of action to recover for defendants’ alleged breach of their duty to keep the streets reasonably safe.
Plaintiffs also allege that defendants breached their duty to provide adequate emergency services. The provision of ambulance services is a governmental function (see Laratro v City of New York, 8 NY3d 79, 82-83 [2006]; see also Applewhite v Accuhealth, Inc., 90 AD3d 501, 502 [1st Dept 2011]).
In order to state a claim against the City for actions arising out of the City’s performance of a governmental function, the complaint must plead the existence of a special relationship (see Gotlin v City of New York, 90 AD3d 605, 607 [2d Dept 2011]).
“A special relationship can be formed in three ways: (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation” (Pelaez v Seide, 2 NY3d 186, 199-200 [2004] [citation omitted]).
No issue has been raised, on this record, as to the applicability of the first and third bases for a special duty. The elements of a special relationship formed on the second basis, the voluntary assumption of a duty, are:
“(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge
*824 on the part of the municipality’s agents that inaction could lead to harm; (3) some form of direct contact between the municipality’s agents and the injured party; and (4) that party’s justifiable reliance on the municipality’s affirmative undertaking” (Cuffy v City of New York, 69 NY2d 255, 260 [1987]).
Plaintiffs’ amended complaint alleges that (1) the City voluntarily assumed a duty to act by informing decedent’s family members that they would send an ambulance to decedent’s residence “as fast as they can,” (2) that the municipality was informed that the decedent was having difficulty breathing and, as such, knew that inaction could lead to harm, (3) there was direct contact between the City and the decedent’s family through the multiple 911 calls and (4) that plaintiffs relied on the municipality’s promise to send an ambulance.
The amended complaint adequately alleges all of the elements necessary to state a cause of action {see Gotlin at 607). Moreover, contrary to the City’s contentions, this is not a new theory of liability as plaintiffs’ notice of claim includes allegations regarding the City’s alleged negligent provision of ambulance services.
Accordingly, the City’s motion to dismiss is granted only to the extent that plaintiffs’ causes of action alleging negligent snow removal are dismissed, and is otherwise denied.