On October 1, 2006, the plaintiff’s decedent suffered an asthma attack in his apartment and called 911. When a “Basic Life Support” ambulance arrived at the scene, the decedent was barely breathing. He later became unconscious. The emergency medical technicians requested an “Advanced Life Support” (hereinafter ALS) ambulance and placed a bag valve mask on the decedent. The ALS ambulance arrived a few minutes later. *953 The paramedics placed the decedent on a cardiac monitor, started intravenous (hereinafter IV) fluids, intubated the decedent, and prepared him for transport. They moved the decedent by stretcher into the building’s elevator, where the decedent regained some consciousness and became combative, disconnecting his cardiac monitor and IY and wedging himself in the elevator. A paramedic called the on-call physician for authority to administer the sedative Versed for the purpose of calming the decedent and to permit his removal from the elevator. The drug was administered to the decedent, who was then removed from the elevator. On the way to the ambulance, the decedent suffered cardiac arrest. He was revived and taken to the hospital. The decedent died on October 5, 2006.
The plaintiff commenced this action against the City of New York, alleging, inter alia, that the decedent’s death was caused by the negligence of the ambulance personnel in delaying the transport of the decedent to the hospital and in administering Versed to the decedent. The defendant moved, among other things, for summary judgment dismissing the complaint, contending that it could not be liable for any negligence because there was no special relationship between it and the decedent. The Supreme Court denied that branch of the defendant’s motion which was for summary judgment dismissing the complaint, finding that the special relationship doctrine did not apply.
The timing of the transport of the decedent from his residence to the hospital involved “the quintessential purpose of the municipal ambulance system — transporting the patient to the hospital as quickly as possible” (Applewhite v Accuhealth, Inc., 90 AD3d 501, 504 [2011]). Similarly, the decedent was administered Versed in order to effectuate his transport from the elevator into the ambulance, and not for the purpose of providing medical treatment (cf. Kowal v Deer Park Fire Dist., 13 AD3d 489, 491 [2004]). Accordingly, under the particular circumstances of this case, both the timing of the transport and the administration of Versed constituted ministerial governmental functions.
A municipality will not be held liable for the negligent performance of a ministerial governmental function unless the plaintiff establishes a special relationship with the public entity, creating a special duty of protection with respect to that individual (see Valdez v City of New York, 18 NY3d 69, 75 [2011]; McLean v City of New York, 12 NY3d 194, 199 [2009]; Laratro v City of New York, 8 NY3d 79, 82-83 [2006]; Pelaez v Seide, 2 NY3d 186, 199-200 [2004]; Lauer v City of New York, 95 NY2d 95, 102 [2000]; Kircher v City of Jamestown, 74 NY2d 251, 257 *954 [1989]; Cuffy v City of New York, 69 NY2d 255, 260 [1987]). “ £A special relationship can be formed in three ways: (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation’ ” (McLean v City of New York, 12 NY3d at 199, quoting Pelaez v Seide, 2 NY3d at 199-200). Insofar as relevant in this case, to establish a special relationship, a plaintiff must show: “(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality’s agents that inaction could lead to harm; (3) some form of direct contact between the municipality’s agents and the injured party; and (4) that party’s justifiable reliance on the municipality’s affirmative undertaking” (Cuffy v City of New York, 69 NY2d at 260; see Laratro v City of New York, 8 NY3d at 82-83).
Here, the defendant made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that no special relationship existed between it and the decedent (see Cuffy v City of New York, 69 NY2d at 260; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court should have granted that branch of the defendant’s motion which was for summary judgment dismissing the complaint. Rivera, J.P., Leventhal, Roman and Cohen, JJ., concur.