# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**206**
**CA 10-01739**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

ROBERT W. WOOD, II, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RICHARD J. NIGRO, JR., DEFENDANT,
CITY OF BUFFALO POLICE DEPARTMENT, CITY OF
BUFFALO, COUNTY OF ERIE AND ERIE COUNTY
CENTRAL POLICE SERVICES, DEFENDANTS-APPELLANTS.

---

DAVID RODRIGUEZ, ACTING CORPORATION COUNSEL, BUFFALO (CARMEN J.
GENTILE OF COUNSEL), FOR DEFENDANTS-APPELLANTS CITY OF BUFFALO POLICE
DEPARTMENT AND CITY OF BUFFALO.

MARTIN A. POLOWY, ACTING COUNTY ATTORNEY, BUFFALO (BRIAN R. LIEBENOW
OF COUNSEL), FOR DEFENDANTS-APPELLANTS COUNTY OF ERIE AND ERIE COUNTY
CENTRAL POLICE SERVICES.

SIEGEL, KELLEHER & KAHN, LLP, BUFFALO (ROBERT D. STEINHAUS OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeals from an order of the Supreme Court, Erie County (Joseph
R. Glownia, J.), entered November 20, 2009.  The order denied the
motions of defendants City of Buffalo Police Department, City of
Buffalo, County of Erie, and Erie County Central Police Services to
dismiss all causes of actions and cross claims against them.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motions are granted
and the complaint against defendants-appellants is dismissed.

Memorandum:  Plaintiff commenced this action alleging, inter
alia, that the City of Buffalo Police Department, the City of Buffalo,
the County of Erie and the Erie County Central Police Services
(collectively, defendants-appellants), were negligent in failing to
protect plaintiff from being assaulted by defendant Richard J. Nigro,
Jr. after plaintiff's friend had called 911 and requested assistance.
We agree with defendants-appellants that Supreme Court erred in
denying their respective motions to dismiss the complaint against them
for failing to state a cause of action (*see* CPLR 3211 [a] [7]).  It is
well settled that a municipality may not be held liable for its
alleged negligence in failing to provide police protection in the
absence of a special relationship between the municipality and the
injured party, and that one of the essential elements of that special
relationship is "some form of direct contact between the

municipality's agents and the injured party" (*Cuffy v City of New York*, 69 NY2d 255, 260). Here, plaintiff admitted that he did not call 911, and thus "there [is] no evidence that [plaintiff] contacted the municipalit[ies'] agents" to satisfy the direct contact element of the special relationship exception to the general rule with respect to the nonliability of a municipality (*Merced v City of New York*, 75 NY2d 798, 800; *see Laratro v City of New York*, 8 NY3d 79, 83-84; *Cuffy*, 69 NY2d at 260). "To hold, as plaintiff here asks, that direct contact and reliance by a friend . . . can create a special relationship would unacceptably dilute the general rule of municipal nonliability" (*Laratro*, 8 NY3d at 84).

In light of our determination, we do not address the remaining contentions of defendants-appellants.

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court