■ Javier Torres, Respondent, v City of New York, Appellant, et al., Defendant. [983 NYS2d 855]—

In an action to recover damages for personal injuries, the defendant City of New York appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated August 6, 2012, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff's sister called the 911 emergency telephone number in order to obtain assistance for the plaintiff, who had a history of schizophrenia. After emergency medical technicians (hereinafter EMTs) and the police arrived at the plaintiff's residence, the police left the scene and the EMTs sought to transport the plaintiff to a hospital. However, the plaintiff allegedly ran away from his residence, jumped over a nearby overpass, and fell to the highway below, sustaining injuries. The plaintiff commenced this action against, among others, the City of New York alleging, inter alia, that the City was negligent in failing to adequately protect and restrain him. In the order ap-

pealed from, the Supreme Court denied the City's motion for summary judgment dismissing the complaint insofar asserted against it. The City appeals.

The alleged conduct of the EMTs and the police constituted governmental functions and, therefore, the City cannot be liable unless it owed a special duty to the plaintiff apart from any duty to the public in general (*see Applewhite v Accuhealth, Inc.*, 21 NY3d 420, 423-426, 430 [2013]; *Valdez v City of New York*, 18 NY3d 69, 75 [2011]; *McLean v City of New York*, 12 NY3d 194, 203 [2009]). The City made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that no special relationship existed between it and the plaintiff (*see Kupferstein v City of New York*, 101 AD3d 952, 954 [2012]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the City's motion for summary judgment dismissing the complaint insofar as asserted against it. Skelos, J.P., Dickerson, Leventhal and Hall, JJ., concur.