■ DONNA EARLE, Formerly Known as DONNA CIULLA, et al., Respondents, v VILLAGE OF LINDENHURST, Appellant. [14 NYS3d 469]——

In an action to recover damages for personal injuries and wrongful death, the defendant appeals from an order of the Supreme Court, Suffolk County (Asher, J.), dated September 24, 2014, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

Geraldine Reifschneider (hereinafter the decedent), who suffered from chronic obstructive pulmonary disease and emphysema, collapsed, after losing consciousness, in the bedroom of her home. The decedent's adult son, the plaintiff Harry Reifschneider (hereinafter Reifschneider), who lived with the decedent, called 911. A few minutes later, a municipal ambulance and emergency medical technicians (hereinafter EMTs) arrived at the decedent's house and were directed to the decedent's bedroom. The EMTs asked Reifschneider to leave the room, and he complied. According to the plaintiffs, the EMTs were thereafter negligent in removing the decedent from her bedroom, thereby injuring her.

The plaintiffs commenced this action against the Village of Lindenhurst to recover damages for personal injuries and wrongful death. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion.

"When a municipality provides ambulance service by emergency medical technicians in response to a 911 call for assistance, it performs a governmental function and cannot be held liable unless it owed a 'special duty' to the injured party" (*Applewhite v Accuhealth, Inc.*, 21 NY3d 420, 423-424 [2013]). Such a special duty can arise, as relevant here, where "the government entity voluntarily assumed a duty to the plaintiff beyond what was owed to the public generally," or, in other words, where the municipality "voluntarily assumed a 'special relationship' with the plaintiffs" (*id.* at 426, 430; *see Laratro v City of New York*, 8 NY3d 79, 82 [2006]). A municipality will be held to have voluntarily assumed a duty or special relationship with the plaintiffs where there is: "(1) an assumption by the municipality, through promises or actions, of an affirmative

duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (*Applewhite v Accuhealth, Inc.*, 21 NY3d at 430-431; *see Laratro v City of New York*, 8 NY3d at 83; *Cuffy v City of New York*, 69 NY2d 255, 260 [1987]).

In the present case, the defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint by establishing that no special relationship existed between it and the decedent (*see Torres v City of New York*, 116 AD3d 947, 947-948 [2014]; *Kupferstein v City of New York*, 101 AD3d 952, 954 [2012]). Specifically, even assuming that the EMTs' contact with Reifschneider equated to direct contact with the decedent (*see generally Laratro v City of New York*, 8 NY3d at 84; *Sorichetti v City of New York*, 65 NY2d 461 [1985]), the defendant demonstrated, prima facie, that the EMTs did not make any promises or take any actions that could constitute the assumption of an affirmative duty to act on behalf of the decedent. In that respect, the only allegations of negligence concern the EMTs' conduct in removing the decedent from her bedroom so as to transport her to the hospital. In performing that task, the EMTs simply requested that Reifschneider step out of the room. Contrary to the plaintiffs' contention, the request that Reifschenider step out of the room while the EMTs performed their work did not constitute the assumption of an affirmative duty to act, beyond what was owed to the public generally.

In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Hall, Austin and Sgroi, JJ., concur.