■ STEVEN HOLLOWAY, Individually and as Administrator of the Estate of MURIEL ENITA HOLLOWAY, Deceased, et al., Respondents, v CITY OF NEW YORK, Appellant. [36 NYS3d 190]—

In an action, inter alia, to recover damages for wrongful death, the defendant appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated June 13, 2014, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

Muriel Enita Holloway (hereinafter the decedent), who suffered from kidney failure, collapsed in the bedroom of her Brooklyn apartment in a pool of blood she lost via a shunt in

her arm used to receive dialysis. The plaintiff Elliot Holloway (hereinafter Elliot), the decedent's adult son, was visiting her at the time of the incident and called the 911 emergency number. The 911 operator told him that an ambulance would be there as soon as possible. A few minutes later, a municipal fire engine and crew arrived at the decedent's apartment building and proceeded to knock at the door of a ground floor apartment pursuant to the directions of the 911 operator. The resident of that apartment informed the firefighters that she had not called 911 and surmised that the firefighters had responded to a prank call. After asking people on the ground floor of the apartment building if they knew of a medical emergency inside the building, and seeking additional guidance from the dispatcher, the firefighters left the building. As the fire engine pulled away from the building, two paramedics in a municipal ambulance arrived at the building, approximately six minutes after Elliot called 911. The firefighters did not stop to speak with the paramedics. As soon as the paramedics exited the ambulance, a man ran from the apartment building and told them that they were needed on the fourth floor. The paramedics went to the fourth floor, where Elliot directed them to the decedent's bedroom. Volunteer emergency medical technicians (hereinafter EMTs) arrived at the apartment two or three minutes later and took over performing CPR on the decedent, freeing the paramedics to engage in advanced medical care. At some point, municipal basic life support EMTs arrived at the apartment and assisted the volunteer EMTs in providing CPR care to the decedent. Despite the efforts of the paramedics and the EMTs, the decedent passed away inside the apartment.

The plaintiffs, the decedent's sons, individually and on behalf of the decedent's estate, commenced this action against the defendant, the City of New York, to recover damages for, inter alia, wrongful death. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion.

"When a municipality provides ambulance service by emergency medical technicians in response to a 911 call for assistance, it performs a governmental function and cannot be held liable unless it owed a 'special duty' to the injured party" (*Applewhite v Accuhealth, Inc.*, 21 NY3d 420, 423-424 [2013]). Such a special duty can arise, as relevant here, where "the government entity voluntarily assumed a duty to the plaintiff beyond what was owed to the public generally" (*id.* at 426), that is, where the municipality "voluntarily assumed a 'special

relationship' with the plaintiffs" (*id.* at 430; *see Laratro v City of New York*, 8 NY3d 79, 82 [2006]). A municipality will be held to have voluntarily assumed a duty or special relationship with the plaintiffs where there is: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (*Applewhite v Accuhealth, Inc.*, 21 NY3d at 430-431 [internal quotation marks omitted]; *see Laratro v City of New York*, 8 NY3d at 83; *Cuffy v City of New York*, 69 NY2d 255, 260 [1987]).

Here, the defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint by establishing that no special relationship existed between it and the decedent (*see Earle v Village of Lindenhurst*, 130 AD3d 973, 974 [2015]; *Torres v City of New York*, 116 AD3d 947, 947-948 [2014]; *Kupferstein v City of New York*, 101 AD3d 952, 954 [2012]). The defendant demonstrated, prima facie, that the firefighters did not assume an affirmative duty to act on the decedent's behalf, and, in opposition, the plaintiffs failed to raise a triable issue of fact (*see Bawa v City of New York*, 94 AD3d 926, 928 [2012]). Moreover, even assuming that the 911 operator's assurance that an ambulance was on its way constituted an assumption by the defendant of an affirmative duty to act on behalf of the decedent, the defendant demonstrated, prima facie, that the decedent and the plaintiffs did not rely to their detriment on that assurance. In opposition, the plaintiffs failed to raise a triable issue of fact. The record does not show that the plaintiffs were lulled by any assurance made by the 911 operator into a false sense of security that caused them "to forego other available avenues of protection" (*Cuffy v City of New York*, 69 NY2d at 261).

Accordingly, no question of fact exists regarding whether the decedent or the plaintiffs justifiably relied upon any affirmative undertaking by the defendant, and the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint (*see Kirchberger v Senisi*, 122 AD3d 804, 805 [2014]). Leventhal, J.P., Hall, Austin and Barros, JJ., concur.