In a claim to recover damages for negligence resulting in arrest and detention, the claimant appeals from an order of the Court of Claims (Marin, J.), dated September 13, 2016, which granted the defendant’s motion pursuant to CPLR 3211 (a) (7) to dismiss the claim.
 

 Ordered that the order is affirmed, with costs.
 

 The claimant’s driver license was suspended due to an outstanding fine. The claimant alleges that the New York State Department of Motor Vehicles (hereinafter the DMV) was negligent in failing to properly record his payment of the fine. As a result, the claimant’s license suspension was not voided, and the claimant was subsequently arrested, detained overnight, and charged with driving with a suspended license. The charge was withdrawn after the recordkeeping error was discovered.
 

 The defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the claim for failure to allege the existence of a special relationship that could give rise to the defendant’s liability for the negligent performance of a ministerial governmental function. The Court of Claims granted the motion, and we affirm.
 

 An agency of government, such as the DMV, is not liable for the negligent performance of a governmental function absent a duty born of a special relationship between the claimant and the public entity (see McLean v City of New York, 12 NY3d 194, 199 [2009]). A special relationship can arise in three ways: (1) when the public entity violates a statutory duty enacted for the benefit of a particular class of person; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when it assumes positive direction and control in the face of a known, blatant, and dangerous safety violation (see id. at 199). Here, the claimant contends only that the DMV voluntarily assumed a duty toward him.
 

 In order for the claimant to succeed on his claim that a special relationship arose through the DMV’s voluntary assumption of a duty to him, four elements must be shown: (1) an assumption by the DMV, through promises or actions, of an affirmative duty to act on behalf of the injured party; (2) knowledge on the part of the DMV’s agents that inaction could lead to harm; (3) some form of direct contact between the DMV’s agents and the injured party; and (4) that party’s justifiable reliance on the DMV’s affirmative undertaking (see Laratro v City of New York, 8 NY3d 79, 83 [2006]; Cuffy v City of New York, 69 NY2d 255, 260 [1987]).
 

 In order to establish that the DMV voluntarily assumed an affirmative duty to act, the claimant must allege that the DMV voluntarily undertook an obligation to him beyond “what was owed to the public generally” (Applewhite v Accuhealth, Inc., 21 NY3d 420, 426 [2013]; see Earle v Village of Lindenhurst, 130 AD3d 973 [2015]). Here, the allegations contained in the claimant’s pleadings reveal nothing beyond what any member of the general public could expect from a routine interaction with DMV personnel to contest, and later settle, a fine.
 

 The claimant’s remaining contentions either are without merit or need not be reached in light of our determination.
 

 Accordingly, the Court of Claims properly granted the defendant’s motion pursuant to CPLR 3211 (a) (7) to dismiss the claim.
 

 Leventhal, J.P., Chambers, Maltese and Duffy, JJ., concur.