Estate of M.D. v State of New York (2021 NY Slip Op 06150)





Estate of M.D. v State of New York


2021 NY Slip Op 06150


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
JOSEPH A. ZAYAS, JJ.


2018-00978
 (Index No. 50841/17)

[*1]Estate of M.D., etc., et al., appellants, 
v
State of New York, et al., defendants, Dutchess County, et al., respondents.


Jonathan M. Cohen, LLC, New York, NY (The Maronne Law Firm, LLC [Joseph Marrone], of counsel), for appellants.
McCabe & Mack, LLP, Poughkeepsie, NY (Kimberly Hunt Lee of counsel), for respondents Dutchess County, Dutchess County Department of Community and Family Services, Robert Allers, Alison Sterling, and Monica Balassone.
Cook, Netter, Cloonan, Kurtz & Murphy, P.C., Kingston, NY (Michael T. Cook of counsel), for respondents Ulster County, Ulster County Department of Social Services, and Michael Iapoce.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries and wrongful death, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (James V. Brands, J.), dated December 12, 2017. The order, insofar as appealed from, granted the motion of the defendants Ulster County, Ulster County Department of Social Services, and Michael Iapoce, and the separate motion of the defendants Dutchess County, Dutchess County Department of Community and Family Services, Robert Allers, Alison Sterling, and Monica Balassone, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them, and denied the plaintiffs' cross motion pursuant to CPLR 3025(b) for leave to amend the complaint.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
Louis DeCosmo (hereinafter the father) and Katlin Wolfert (hereinafter the mother) are the parents of two children, M.D. and J.D., born in 2011 and 2013, respectively. The mother and the father, who is blind, lived together in Dutchess County until May 1, 2014, when they separated following an argument. The children remained in the home with the mother. On May 6, 2014, the Dutchess County Department of Community and Family Services (hereinafter DCFS) received a report that the mother was neglecting both children, and potentially abusing M.D., who reportedly had a black eye. The father was informed in a letter of the same date that an investigation would be conducted into the allegation. At a hearing on June 30, 2014, an agent for DCFS represented to the Dutchess County Family Court that she had met with the children four or five times, and had met with the parents, and in effect, determined that the allegations were unfounded, and that the case would be closed.
Sometime in June or early July 2014, the mother began dating Kenneth Stahli. The mother and the children moved to Ulster County, and Stahli moved in with them. In or about the second week of July 2014, Stahli began watching the children while the mother was at work. By letter dated July 28, 2014, the father was informed that the DCFS investigation had concluded and no credible evidence of abuse or maltreatment was found. One week later, on August 5, 2014, M.D. was found by an aunt dead in his bed. The child's body was covered in bruises. It was subsequently determined that he had visible injuries and bruises in the week leading up to his death, and the cause of death was internal injuries inflicted three to five days prior to his death. Following M.D.'s death, J.D. was removed from the home and found to be in poor health with injuries. Stahli was subsequently convicted of murder in the second degree for M.D.'s death (see People v Stahli, 159 AD3d 1055). The mother was found to have abused and neglected the children, and the father was given custody of J.D.
The father commenced this action as the administrator of M.D.'s estate and as the father and natural guardian of J.D., against, among others, Dutchess County, DCFS, three DCFS employees (hereinafter collectively the Dutchess defendants), Ulster County, Ulster County Department of Social Services, and one of its employees (hereinafter collectively the Ulster defendants), inter alia, to recover damages for personal injuries and wrongful death. The complaint alleged that Stahli had a history of domestic violence and drug abuse that was known or should have been known to the Dutchess defendants, and that the Dutchess defendants failed to conduct a proper and thorough investigation, approved Stahli's presence in the children's home environment, and should have transferred the active case file to Ulster County once the mother and the children moved there. The complaint further alleged that certain individuals had witnessed abuse of the children by the mother and Stahli and had reported their observations to a child abuse hotline maintained by the Ulster defendants, and those defendants failed to initiate an investigation.
The Dutchess defendants and the Ulster defendants separately moved, pre-answer, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. The plaintiffs cross-moved pursuant to CPLR 3025(b) for leave to amend the complaint. In an order dated December 12, 2017, the Supreme Court, inter alia, granted the separate motions of the Dutchess defendants and the Ulster defendants and denied the plaintiffs' cross motion. The plaintiffs appeal.
"[A]n agency of government is not liable for the negligent performance of a governmental function unless there existed 'a special duty to the injured person, in contrast to a general duty owed to the public'" (McLean v City of New York, 12 NY3d 194, 199, quoting Garrett v Holiday Inns, 58 NY2d 253, 261; see Applewhite v Accuhealth, Inc., 21 NY3d 420, 426; Valdez v City of New York, 18 NY3d 69, 75). It is the plaintiff's obligation to prove that the government defendant owed a special duty of care to the injured party because "duty is an essential element of the negligence claim itself" (Applewhite v Accuhealth, Inc., 21 NY3d at 426). There are three recognized situations in which a special duty may arise: "(1) when the [government entity] violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the [government entity] assumes positive direction and control in the face of a known, blatant and dangerous safety violation" (Pelaez v Seide, 2 NY3d 186, 199-200; see Applewhite v Accuhealth, Inc., 21 NY3d at 426; McLean v City of New York, 12 NY3d at 199).
On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction (see CPLR 3026). The court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414; Leon v Martinez, 84 NY2d 83, 87-88; Rovello v Orofino Realty Co., 40 NY2d 633, 634).
The plaintiffs contend that the Supreme Court erred in granting the separate motions of the Dutchess defendants and the Ulster defendants to dismiss the complaint insofar as asserted against each of them because the complaint sufficiently pleads a special duty of care based upon a [*2]voluntary assumption of duty and a violation of a statutory duty.
The elements of a special duty based upon voluntary assumption of a duty are: "(1) an assumption by the [government entity], through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the [government entity's] agents that inaction could lead to harm; (3) some form of direct contact between the [government entity's] agents and the injured party; and (4) that party's justifiable reliance on the [government entity's] affirmative undertaking" (Cuffy v City of New York, 69 NY2d 255, 260; see Applewhite v Accuhealth, Inc., 21 NY3d at 430-431; McLean v City of New York, 12 NY3d at 201). The plaintiff must allege that the government entity voluntarily undertook an obligation towards them "beyond the duty that is owed to the public generally" (Applewhite v Accuhealth, Inc., 21 NY3d at 430; see McLean v City of New York, 12 NY3d at 201-202; Earle v Village of Lindenhurst, 130 AD3d 973, 974).
Here, the complaint does not allege that either the Dutchess defendants or the Ulster defendants undertook an obligation towards the plaintiffs beyond what was required by law (see McLean v City of New York, 12 NY3d at 201; Abraham v City of New York, 39 AD3d 21, 26). Instead, the allegations in the complaint primarily concern the alleged failure to perform statutorily imposed duties pursuant to title 6 of the Social Services Law. "[T]he failure to perform a statutory duty, or the negligent performance of that duty, cannot be equated with the breach of a duty voluntarily assumed" (Abraham v City of New York, 39 AD3d at 26-27; see Pelaez v Seide, 2 NY3d at 202-203). Accordingly, the complaint failed to state a cause of action based upon a special duty voluntarily undertaken by the Dutchess defendants or the Ulster defendants.
"To form a special relationship through breach of a statutory duty, the governing statute must authorize a private right of action. One may be fairly implied when (1) the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) recognition of a private right of action would promote the legislative purpose of the governing statute; and (3) to do so would be consistent with the legislative scheme" (Pelaez v Seide, 2 NY3d at 200; see McLean v City of New York, 12 NY3d at 200; Uhr v East Greenbush Cent. School Dist., 94 NY2d 32, 38; Sheehy v Big Flats Community Day, 73 NY2d 629, 633). Here, the plaintiffs contend that the Dutchess defendants and the Ulster defendants failed in their obligations under article 6, title 6 of the Social Services Law, and that a private right of action may be found in the provisions of Social Services Law § 419. This contention was rejected by the Court of Appeals in Mark G. v Sabol (93 NY2d 710, 722). Contrary to the plaintiffs' contentions, the subsequent statutory modifications to the provisions of article 6, title 6 of the Social Services Law have not abrogated the holding that "a private right of action for money damages cannot be fairly implied from title 6 of the Social Services Law" (Mark G. v Sabol, 93 NY2d at 722). Thus, the complaint failed to state a cause of action based upon the breach of a statutory duty.
To the extent that the complaint alleges that the Dutchess defendants were negligent in the manner in which they conducted their investigation, the manner of the investigation involved discretionary conduct, and "[a] public employee's discretionary acts—meaning conduct involving the exercise of reasoned judgment—may not result in the [government entity's] liability even when the conduct is negligent" (Lauer v City of New York, 95 NY2d 95, 99; see Hines v City of New York, 142 AD3d 586).
Finally, the Supreme Court providently exercised its discretion in denying the plaintiffs' cross motion pursuant to CPLR 3025(b) for leave to amend the complaint. Although leave to amend a pleading should be freely given in the absence of prejudice or surprise to the opposing party (see CPLR 3025[b]), the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit (see Feldman v Finkelstein & Partners, LLP, 76 AD3d 703, 705; Aurora Loan Servs., LLC v Thomas, 70 AD3d 986, 987). Here, the proposed amendment was palpably insufficient.
The Dutchess defendants' remaining contentions either are without merit or need not be reached in light of our determination.
HINDS-RADIX, J.P., BRATHWAITE NELSON, IANNACCI and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court