Canberg v County of Nassau (2023 NY Slip Op 01658)

Canberg v County of Nassau

2023 NY Slip Op 01658

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
JANICE A. TAYLOR, JJ.

2020-06598
 (Index No. 604692/16)

[*1]Michael Canberg, et al., respondents-appellants,
v
County of Nassau, appellant-respondent, et al., defendants.

Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag and Samantha A. Goetz of counsel), for appellant-respondent.
Curcio Mirzaian Sirot LLC, New York, NY (Thomas J. Palma of counsel), for respondents-appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant County of Nassau appeals, and the plaintiffs cross-appeal, from an order of the Supreme Court, Nassau County (Steven M. Jaeger, J.), entered May 1, 2020. The order, insofar as appealed from, denied that branch of the motion of the defendant County of Nassau which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Michael Canberg against it.
ORDERED that the cross-appeal is dismissed as abandoned; and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, and that branch of the motion of the defendant County of Nassau which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Michael Canberg against it is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendant County of Nassau.
The plaintiff Michael Canberg (hereinafter the injured plaintiff) suffered a seizure while asleep in an upstairs bedroom of the home of his wife's cousin. The cousin called 911. Shortly thereafter, a Nassau County police officer arrived, followed by an ambulance. The injured plaintiff was still suffering from the seizure when the officer and the ambulance arrived, and the officer handcuffed the injured plaintiff's hands to confine them in order to transport the injured plaintiff to a hospital. The police and an ambulance medical technician placed the injured plaintiff on a Reeves stretcher and carried him down the stairs and out of the house to the ambulance.
The injured plaintiff, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries against, among others, the defendant County of Nassau, alleging that the County was negligent and grossly negligent in its care of the injured plaintiff. The County moved, among other things, for summary judgment dismissing the complaint insofar as asserted by the injured plaintiff against it. In an order entered May 1, 2020, the Supreme Court, inter alia, denied that branch of the County's motion. The County appeals, and the plaintiffs cross-appeal.
The cross-appeal must be dismissed as abandoned, as the plaintiffs' brief does not request reversal of any portion of the order entered May 1, 2020 (see Sammy v First Am. Tit. Ins. Co., 205 AD3d 949, 953; Burke v Newburgh Enlarged City Sch. Dist., 195 AD3d 674, 677).
"'When a negligence claim is asserted against a municipality, the first issue for a court to decide is whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose'" (Turturro v City of New York, 28 NY3d 469, 477, quoting Applewhite v Accuhealth, Inc., 21 NY3d 420, 425; see Trenholm-Owens v City of Yonkers, 197 AD3d 521, 522). "A government entity performs a purely proprietary role when its activities essentially substitute for or supplement traditionally private enterprises" (Applewhite v Accuhealth, Inc., 21 NY3d at 425 [internal quotation marks omitted]; see J.E. v Incorporated Vil. of Westbury, 200 AD3d 759, 760; Marks-Barcia v Village of Sleepy Hollow Ambulance Corps, 183 AD3d 883, 884). "If the municipality is engaged in a proprietary function, it is subject to suit under the ordinary rules of negligence" (Trenholm-Owens v City of Yonkers, 197 AD3d at 523; see Tara N.P. v Western Suffolk Bd. of Coop. Educ. Servs., 28 NY3d 709, 713; Applewhite v Accuhealth, Inc., 21 NY3d at 425). "In contrast, a municipality will be deemed to have been engaged in a governmental function when its acts are undertaken for the protection and safety of the public pursuant to the general police powers" (Applewhite v Accuhealth, Inc., 21 NY3d at 425 [internal quotation marks omitted]; see Connolly v Long Is. Power Auth., 30 NY3d 719, 727; Trenholm-Owens v City of Yonkers, 197 AD3d at 523). If the municipality was acting in a governmental capacity, then the plaintiff must prove the existence of a special duty as an element of his or her negligence cause of action (see Ferreira v City of Binghamton, 38 NY3d 298; Turturro v City of New York, 28 NY3d at 478; Trenholm-Owens v City of Yonkers, 197 AD3d at 523).
"'Protecting health and safety is one of municipal government's most important duties'" (Halberstam v Port Auth. of N.Y. & N.J., 175 AD3d 1264, 1266, quoting Laratro v City of New York, 8 NY3d 79, 81). Thus, "[w]hen a municipality provides ambulance service by emergency medical technicians in response to a 911 call for assistance, it performs a governmental function and cannot be held liable unless it owed a 'special duty' to the injured party" (Applewhite v Accuhealth, Inc., 21 NY3d at 423-424; see Halberstam v Port Auth. of N.Y. & N.J., 175 AD3d at 1266).
Here, contrary to the plaintiffs' contentions, the officer's actions in helping the ambulance medical technician place the injured plaintiff onto the Reeves stretcher in order to transport the injured plaintiff to the hospital were the actions of a provider of emergency medical services responding to a 911 call for assistance, and therefore, the County was performing a governmental function and could not be held liable unless it owed a special duty to the injured plaintiff (see Ferreira v City of Binghamton, 38 NY3d 298; Applewhite v Accuhealth, Inc., 21 NY3d at 426; Halberstam v Port Auth. of N.Y. & N.J., 175 AD3d at 1266; Earle v Village of Lindenhurst, 130 AD3d 973, 973).
The plaintiffs contend that a special duty existed because the County assumed a "special relationship" with the injured plaintiff beyond the duty that is owed to the public generally (Applewhite v Accuhealth, Inc., 21 NY3d at 430; see Halberstam v Port Auth. of N.Y. & N.J., 175 AD3d at 1266; Gonzalez v State of New York, 156 AD3d 764, 765). "The plaintiff has the heavy burden of establishing the existence of a special relationship by proving all of the following elements: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) the party's justifiable reliance on the municipality's affirmative undertaking" (Halberstam v Port Auth. of N.Y. & N.J., 175 AD3d at 1266 [internal quotation marks omitted]; see Cuffy v City of New York, 69 NY2d 255, 260). "Of the four factors, the 'justifiable reliance' element is particularly 'critical' because it 'provides the essential causative link between the special duty assumed by the municipality and the alleged injury"' (Halberstam v Port Auth. of N.Y. & N.J., 175 AD3d at 1266-1267, quoting Valdez v City of New York, 18 NY3d 69, 81 [internal quotation marks omitted]).
"It is the plaintiff's obligation to prove that the government defendant owed a special [*2]duty of care to the injured party because duty is an essential element of the negligence claim itself" (Applewhite v Accuhealth, Inc., 21 NY3d at 426; see Estate of M.D. v State of New York, 199 AD3d 754). In order to meet this burden, a complaint must allege "facts and circumstances from which the existence of a special duty could reasonably be inferred" (Bishop v Bostick, 141 AD2d 487, 489; see Cockburn v City of New York, 129 AD3d 895, 897). In situations where the plaintiff fails to meet this burden of demonstrating a special duty, the analysis ends and liability may not be imputed to the municipality that acted in a governmental capacity (see Ferreira v City of Binghamton, 38 NY3d 298; Applewhite v Accuhealth, Inc., 21 NY3d at 426; Ortiz v City of New York, 171 AD3d 1198, 1200).
Here, the County demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted by the injured plaintiff against it by establishing that the allegations in the complaint failed to allege facts and circumstances from which the existence of a special duty could reasonably be inferred (see Earle v Village of Lindenhurst, 130 AD3d at 974; Cockburn v City of New York, 129 AD3d at 897; Estate of Gail Radvin v City of New York, 119 AD3d 730, 733). In opposition, the plaintiffs failed to raise a triable issue of fact (see Earle v Village of Lindenhurst, 130 AD3d at 974; Torres v City of New York, 116 AD3d 947, 948). Accordingly, the Supreme Court should have granted that branch of the County's motion which was for summary judgment dismissing the complaint insofar as asserted by the injured plaintiff against it.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., CHAMBERS, MALTESE and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court