Artemiou v City of New York (2023 NY Slip Op 05030)

Artemiou v City of New York

2023 NY Slip Op 05030

Decided on October 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 05, 2023

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 805202/15 Appeal No. 830 Case No. 2022-02142 

[*1]Linda U. Artemiou etc., et al., Plaintiffs-Appellants-Respondents,
v
The City of New York, Defendant-Respondent, New York and Presbyterian Hospital, Defendant-Appellant.

Martin Clearwater & Bell LLP, New York (Richard Wolf of counsel), for appellant.
Finz & Finz, P.C., Mineola (Stuart L. Finz of counsel), for appellants-respondents.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jonathan Schoepp-Wong of counsel), for respondent.

Order, Supreme Court, New York County (Judith N. McMahon, J.), entered May 4, 2022, which, to the extent appealed from as limited by the briefs, granted defendant the City of New York's motion to dismiss the complaint as against them and denied defendant New York Presbyterian Hospital s/h/a New York-Presbyterian Hospital/Weill Cornell Medical Center and related defendants' (NYPH) motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiffs' claims arise out of emergency medical care provided to decedent in a pre-hospital setting. NYPH paramedics, who responded to a 911 call, administered a sedative to decedent and then resuscitated him after he stopped breathing and his heart stopped. A physician employed by the City authorized the sedation via telephone.
Supreme Court correctly determined that the City was immune from plaintiff's claims because the City's physician was performing a government function when she authorized the paramedics to administer the sedative (see Applewhite v Accuhealth, Inc., 21 NY3d 420, 425 [2013]). The physician's actions were plainly part of a municipal emergency response system: she was employed by the City's fire department; she acted only upon the request of the frontline paramedics who were responding to a 911 call; she assessed decedent in a pre-hospital setting; she worked within protocols that had been set by an advisory committee; and her ability to provide services was limited to the services available to the paramedics (see id. at 427-430; cf. Kinsey v City of New York, 141 AD3d 420, 421 [1st Dept 2016], lv denied 28 NY3d 907 [2016]; Canberg v County of Nassau, 214 AD3d 943, 946 [2d Dept 2023]; DiMeo v Rotterdam Emergency Med. Servs., Inc., 110 AD3d 1423, 1424 [3d Dept 2013], lv denied 22 NY3d 864 [2014]). In light of the foregoing, we do not consider whether the City established, as a matter of law, that its physician did not depart from the standard of care or that any departure did not proximately cause decedent's injuries.
Supreme Court also properly determined that NYPH was not entitled to summary judgment. Although NYPH established its entitlement to summary judgement, prima facie, through its expert's affirmation, which opined that the paramedics appropriately treated decedent, plaintiffs raised triable issues of fact regarding NYPH's negligence in failing to continuously monitor and address decedent's airway during decedent's post-seizure state. Specifically, according to plaintiffs' experts, a person in a post-seizure state would experience respiratory depression and decreased airway reflexes especially if the person was decedent's age and obese weight and was administered Versed, a sedative and known respiratory depressant. The conflicting opinions of the medical experts in this case precluded summary judgment (see Severino v Weller, 148 AD3d 272, 273 [1st Dept 2017]). 
NYPH cannot claim that it was unfairly surprised by plaintiffs' theory [*2](see Valenti v Camins, 95 AD3d 519, 522 [1st Dept 2012] [finding that "a party may raise even a completely unpleaded issue on summary judgment so long as the other party is not taken by surprise and does not suffer prejudice" and finding no surprise where plaintiff's attorney asked many questions about the issue at the depositions]). Here, the deposition of NYPH paramedic Kremenizer included questioning about decedent's airway, and defendant's expert also opined on the paramedics' management of decedent's airway.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2023