Marino v City of New York (2024 NY Slip Op 00413)

Marino v City of New York

2024 NY Slip Op 00413

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2020-02175
 (Index No. 17461/14)

[*1]Frank Marino, Jr., appellant, 
v
City of New York, et al., respondents.

Torgan Cooper & Aaron, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Daniel Matza-Brown, Jesse A. Townsend, and Geoffrey Curfman of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered December 23, 2019. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligence and denied the plaintiff's cross-motion for leave to amend the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he came in contact with the propeller of a boat's outboard motor while he was being rescued from the waters of Jamaica Bay by members of the Fire Department of the City of New York, Marine Division. The complaint, as amplified by the bill of particulars, alleged, among other things, that the defendants were negligent in permitting the plaintiff to drift toward the boat's outboard motors after throwing him a rope.
The defendants moved, inter alia, for summary judgment dismissing the cause of action alleging negligence. The plaintiff opposed the motion and cross-moved for leave to amend the complaint. In an order entered December 23, 2019, the Supreme Court, among other things, granted that branch of the defendants' motion and denied the plaintiff's cross-motion. The plaintiff appeals.
"When a negligence claim is asserted against a municipality, the first issue for a court to decide is whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose" (Applewhite v Accuhealth, Inc., 21 NY3d 420, 425; see Turturro v City of New York, 28 NY3d 469, 477). "If the municipality is engaged in a proprietary function, it is subject to suit under the ordinary rules of negligence" (Trenholm-Owens v City of Yonkers, 197 AD3d 521, 523; see Applewhite v Accuhealth, Inc., 21 NY3d at 425; Canberg v County of Nassau, 214 AD3d 943, 945). "In contrast, a municipality will be deemed to have been engaged in a governmental function when its acts are undertaken for the protection and safety of the public pursuant to the general police powers" (Applewhite v Accuhealth, Inc., 21 NY3d at 425 [*2][internal quotation marks omitted]). "If the municipality was acting in a governmental capacity, then the plaintiff must prove the existence of a special duty as an element of his or her negligence cause of action" (Canberg v County of Nassau, 214 AD3d at 945; see Ferreira v City of Binghamton, 38 NY3d 298, 308).
Here, the defendants were acting in a governmental capacity when the plaintiff was injured during the firefighters' rescue operation (see Applewhite v Accuhealth, Inc., 21 NY3d at 425; Ortiz v City of New York, 171 AD3d 1198, 1200; Kadymir v New York City Trans. Auth., 55 AD3d 549, 552). Since the defendants were acting in a governmental capacity, the plaintiff was required to prove that the defendants owed him a special duty (see Canberg v County of Nassau, 214 AD3d at 945). A special duty can arise, as relevant here, where "the government entity voluntarily assumed a duty to the plaintiff beyond what was owed to the public generally" or "the municipality took positive control of a known and dangerous safety condition" (Applewhite v Accuhealth, Inc., 21 NY3d at 426). The elements of a special duty based upon voluntary assumption of a duty are: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (Cuffy v City of New York, 69 NY2d 255, 260; see Estate of M.D. v State of New York, 199 AD3d 754, 756-757). "Of the four factors, the 'justifiable reliance' element is particularly 'critical' because it 'provides the essential causative link between the special duty assumed by the municipality and the alleged injury'" (Halberstam v Port Auth. of N.Y. & N.J., 175 AD3d 1264, 1266-1267, quoting Valdez v City of New York, 18 NY3d 69, 81).
Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging negligence by establishing that they did not owe a special duty to the plaintiff, and the plaintiff failed to raise a triable issue of fact in opposition (see Halberstam v Port Auth. of N.Y. & N.J., 175 AD3d at 1267). The plaintiff's submissions failed to establish that the defendants lulled the plaintiff into a false sense of security, or induced him to forego other avenues of assistance, and therefore placed the plaintiff in a worse position than he would have been had the defendants never assumed the duty (see Marks-Barcia v Village of Sleepy Hollow Ambulance Corps, 183 AD3d 883, 885; Halberstam v Port Auth. of N.Y. & N.J., 175 AD3d at 1267; Dixon v Village of Spring Val., 50 AD3d 943, 944). Further, the plaintiff's submissions failed to establish that the defendants assumed positive direction and control in the face of a known, blatant, and dangerous safety violation (see Garrett v Holiday Inns, 58 NY2d 253, 262). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligence.
Further, since no special duty existed, the Supreme Court properly denied the plaintiff's cross-motion for leave to amend the complaint (see Koyko v City of New York, 189 AD3d 811).
In light of our determination, we need not reach the parties' remaining contentions.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court