Curry v County of Suffolk

2026 NY Slip Op 02245

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Michelle Curry, plaintiff-respondent,

v

County of Suffolk, et al., defendants-respondents, Town of Babylon, appellant, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2021-00013, (Index No. 609596/18)

Lara J. Genovesi, J.P.

Valerie Brathwaite Nelson

Deborah A. Dowling

Phillip Hom, JJ.

Lewis Johs Avallone Aviles, LLP, Islandia, NY (John B. Saville of counsel), for appellant.

The Barnes Firm, P.C., Garden City, NY (Robert Seigal of counsel), for plaintiff-respondent.

Gordon Rees Scully Mansukhani, LLP, New York, NY (Lee Henig-Elona of counsel), for defendants-respondents Winters Bros. Waste Systems of Long Island, LLC, and Winters Bros. Recycling Corp.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the defendant Town of Babylon appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated November 30, 2020. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.

ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff and the defendants Winters Bros. Waste Systems of Long Island, LLC, and Winters Bros. Recycling Corp. appearing separately and filing separate briefs.

The plaintiff allegedly was injured while driving in the Town of Babylon when another vehicle traveling in the opposite direction crossed into her lane, causing the plaintiff to swerve. The plaintiff's vehicle struck a container, allegedly owned by the Town, that had been placed in the roadway in connection with a commercial eviction that had occurred earlier that day. The plaintiff commenced this action against the Town, among others, to recover damages for personal injuries.

The Town moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it on the grounds, inter alia, that it was entitled to governmental function immunity and that the negligence of the driver of the vehicle that crossed into the plaintiff's lane was the sole proximate cause of the accident. In an order dated November 30, 2020, the Supreme Court, among other things, denied the motion. The Town appeals.

"When a negligence claim is asserted against a municipality, the first issue for a court to decide is whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose" (Applewhite v Accuhealth, Inc., 21 NY3d 420, [*2]425; see Canberg v County of Nassau, 214 AD3d 943, 944). "If the municipality's actions fall in the proprietary realm, it is subject to suit under the ordinary rules of negligence applicable to nongovernmental parties" (Applewhite v Accuhealth, Inc., 21 NY3d at 425). "If the municipality was acting in a governmental capacity, then the plaintiff must prove the existence of a special duty as an element of his or her negligence cause of action" (Canberg v County of Nassau, 214 AD3d at 945; see Ferreira v City of Binghamton, 38 NY3d 298, 304).

"A governmental entity performs a purely proprietary role when its activities essentially substitute for or supplement traditionally private enterprises" (Applewhite v Accuhealth, Inc., 21 NY3d at 425 [internal quotation marks omitted]). "In contrast, a municipality will be deemed to have been engaged in a governmental function when its acts are undertaken for the protection and safety of the public pursuant to the general police powers" (id. [internal quotation marks omitted]). "In deciding whether a function is proprietary or governmental, a court examines 'the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred . . . , not whether the agency involved is engaged generally in proprietary activity or is in control of the location in which the injury occurred'" (Wittorf v City of New York, 23 NY3d 473, 479, quoting Miller v State of New York, 62 NY2d 506, 513).

Here, the record reflects that the Town's involvement in the waste collection industry, including its rental of containers to landlords in connection with commercial evictions, was a substitute for private industry. The Town displaced dozens of private haulers when it entered the waste collection industry in 1983. Further, the Town entered the waste collection industry in order to generate revenue to support its "energy from waste" facility, which was itself a revenue-generating enterprise. Accordingly, the specific acts or omissions at issue here involved a proprietary function (see Connolly v Long Is. Power Auth., 30 NY3d 719, 729; Grasso v New York State Thruway Auth., 159 AD3d 674, 677), and the Supreme Court correctly determined that the Town was not entitled to summary judgment based on governmental function immunity.

The Supreme Court also correctly determined that triable issues of fact exist as to the proximate cause of the accident. "The overarching principle governing determinations of proximate cause is that a defendant's negligence qualifies as a proximate cause where it is a substantial cause of the events which produced the injury" (Hain v Jamison, 28 NY3d 524, 528-529 [internal quotation marks omitted]). "Typically, the question of whether a particular act of negligence is a substantial cause of the plaintiff's injuries is one to be made by the factfinder, as such a determination turns upon questions of foreseeability and what is foreseeable and what is normal may be the subject of varying inferences" (id. at 529 [internal quotation marks omitted]).

"When a question of proximate cause involves an intervening act, liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence" (id. [internal quotation marks omitted]; see Mazella v Beals, 27 NY3d 694, 706). "Only where 'the intervening act is extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct,' may it possibly 'break[ ] the causal nexus'" (Mazella v Beals, 27 NY3d at 706, quoting Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). "The mere fact that other persons share some responsibility for plaintiff's harm does not absolve defendant from liability because there may be more than one proximate cause of an injury" (id. [internal quotation marks omitted]).

Here, the negligence of the driver of the vehicle that crossed into the plaintiff's lane was a substantial factor in causing the accident. However, the Town failed to eliminate triable issues of fact as to whether its negligence in, among other things, failing to adequately illuminate the street, placing the container in the roadway, and failing to alert passing motorists as to the potential hazard posed by the container was a substantial cause of the plaintiff's injuries (see DeBartolo v Coccia, 276 AD2d 663, 663-664; see also Wittorf v City of New York, 23 NY3d at 479).

Accordingly, the Supreme Court correctly denied the Town's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. As there are triable issues of fact, we decline the plaintiff's request to search the record and award her summary [*3]judgment on the issue of liability against the Town (see Sneider v Great S. Bay Surgical Assoc. & Vascular Lab, LLP, 235 AD3d 685, 688; Gutnick v Hebrew Free Burial Socy. for the Poor of the City of Brooklyn, 198 AD3d 880, 884).

The Town's remaining contentions need not be reached in light of our determination.

GENOVESI, J.P., BRATHWAITE NELSON, DOWLING and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court