Ramos v City of New York (2023 NY Slip Op 04222)

Ramos v City of New York

2023 NY Slip Op 04222

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-09729
 (Index No. 151936/17)

[*1]Anthony Ramos, etc., appellant, 
v
City of New York, et al., respondents.

Krentsel Guzman Herbert, LLP, New York, NY (Marcia K. Raicus of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Janet L. Zaleon of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated December 21, 2020. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging negligence and wrongful death.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2017, the plaintiff, as administrator of the estate of Justin Ramos, commenced this action against the City of New York, New York City Police Department, and FDNY Emergency Medical Services to recover damages for personal injuries and wrongful death allegedly sustained by Justin Ramos (hereinafter the decedent) as the result of, inter alia, the alleged failure by the defendants to timely respond to an emergency involving the decedent and to provide proper medical treatment to him. The defendants moved, among other things, for summary judgment dismissing the causes of action alleging negligence and wrongful death. In an order dated December 21, 2020, the Supreme Court, inter alia, granted those branches of the motion. The plaintiff appeals.
"When a negligence claim is asserted against a municipality, the first issue for a court to decide is whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose" (Applewhite v Accuhealth, Inc., 21 NY3d 420, 425). Here, the defendants established, prima facie, that they were engaged in a governmental function and that they did not owe the decedent a special duty (see id. at 423; Laratro v City of New York, 8 NY3d 79, 83). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).
Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging negligence and wrongful death.
DUFFY, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court